Mathews, J.
delivered the opinion of .the court. Reduced to a single questions as this case is, and that one of fact alone, the only ⅛ [⅛ decision arises from the contrariety and direct opposition of the testimony, which relates to the ownership of the ves- *203 ~e1 on board of which the good~ere shipped and insured. When a person who acts as master of a ship, is guilty of barratrous conduct, that ispriinafacie evidence of barratry,~b as to entitle the assured to recover against the iiñ~ derwriters, without requiring negative proof that such captain was not the owner, or shewing who really was. The fact of his being owner must be established by the underwriters, in discharge of whom it is intended to operate. Park on Insurance, 127.
East'n District.
March, 1822.
Opposed to this presumption of law, in the present case, we have it on record, as proven by one witness, that Brow#, the master, purchased the vessel at a sale by the marshal. To rebut this testimony the plaintiff oilers a copy of the ship’s register, by which it appears, that on the oath of the master, Brown, the vessel was registered as the property of John Nicholson, the person who proves Brown to be the owmer. Had Nicholson and Brown both been sworn in open court regularly, to testify in the cause, as to the real owner of the schooner, and had their testimony been thus contradictory, and nothing appeared to lessen the credibility of either, we should have concluded that the presumption in fa- *204 ca#ain not being owner ought to prevail, and that the assurers are liable on the policy. But Nicholson has never been sworn, and the registry of the vessel (if at all evidence of the ownership, is not the best) has perhaps been irregularly obtained; and consequently the oath, which is the foundation of it, is before us in such a questionable shape that little weight can be given to it for the purpose of proving property. These circumstances create such embarrassment in weighing the testimony, that we are of opinion that the case ought to be remanded for a new trial, believing from all which appears on the record, that justice requires this mode of proceeding.
Livermore for the plaintiff, Duncan for the defendant.
It is therefore ordered, adjudged and xle^ creed, that the judgment of the district court be annulled, avoided and reversed, that this cause be remanded for a new trial, and that the appellee pay the costs of this appeal.